■ In the Matter of GILBERTO GONZALEZ, Appellant, v CLARK WILSON, as Director of Temporary Release Programs of Department of Correctional Services, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of respondent denying petitioner's request to participate in a work release program, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated October 12, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

Petitioner is presently incarcerated pursuant to a conviction in 1975 for manslaughter in the first degree. He was sentenced to an indeterminate term of imprisonment of 8⅓ to 25 years. In 1983 he applied for participation in a work release program. The temporary release committee at Fishkill Correctional Facility, where petitioner was incarcerated, approved his application and then forwarded it to the central office for review. On July 27, 1983, the central director of the temporary release program denied petitioner's application for the following reasons: "The inmate's extremely serious instant offense, arranging for the murder of a female companion simply because she rejected his amorous advances, indicates that the inmate can be a very serious threat to the safety of the community. In addition, the inmate's institutional behavior has been at times marginal. The inmate is therefore considered a poor risk for temporary release. He may reapply after his initial Parole Board providing he maintain [*sic*] a good program and adjustment level."

Participation in a temporary release program is a privilege (Correction Law, § 855, subd 9). The scope of judicial review of a determination denying an inmate's participation in such a program is limited to whether respondent has violated any positive statutory requirement or denied a constitutional right of the inmate and whether respondent's determination is affected by

irrationality bordering on impropriety (*Matter of Schwimmer v Dunham,* 91 AD2d 100; *Matter of Medley v Hirsch,* 88 AD2d 1099; *Matter of Hoffman v Wilson,* 86 AD2d 735). There has been no showing of any statutory violation or denial of a constitutional right and the factors considered by respondent supply sufficient justification for his determination. Accordingly, the judgment of Special Term is affirmed. Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.