OPINION OF THE COURT
Kenneth H. Lange, J.
By way of an order to show cause signed by the Honorable Judith A. Hillary, Acting Supreme Court Justice, Dutchess County, on October 24, 1986, petitioner moves for an order pursuant to CPLR article 78: directing a review of respondents’ determination dated July 22, 1986 barring petitioner from consideration for participation in respondent Department of Correctional Services temporary release program and *902 directing respondents to accept and process petitioner’s application for participation in respondent Department of Correctional Services temporary release program.
This proceeding was heard before this court on October 31, 1986 at which time oral argument was made.
On March 3, 1986 petitioner appeared before the Honorable Dennis Edwards, Jr., Supreme Court, New York County, and pleaded guilty to 99 felony counts and one misdemeanor count. Petitioner was sentenced on May 22, 1986 by Judge Edwards to a minimum of one year and a maximum of three years on each felony and six months on the misdemeanor count, all to be served concurrently.
As a result of the sentence imposed by Judge Edwards, petitioner automatically became eligible for release on parole within one year (Correction Law § 851 [2]). By reason of petitioner being eligible for parole within one year, petitioner also became an "eligible inmate” for the purposes of the temporary release program. Correction Law § 851 (2) provides: " 'Eligible inmate’ means a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within one year * * * for the purposes of this article parole eligibility shall be upon the expiration of the minimum period of imprisonment fixed by the court”.
In June of 1986 petitioner applied to the temporary release committee of the Downstate Correctional Facility for permission to participate in a temporary work release program. On July 22, 1986 the temporary release committee barred petitioner from participating in the temporary work release program stating: "Please be advised that a letter objecting to your temporary release participation has been received from the sentencing judge in your case. This objection bars you from any temporary release consideration unless the jurisdiction reverses the opinion in writing.”
Petitioner appealed this denial to the director of the temporary release program on August 11, 1986. This appeal was denied by Ward DeWitt, Assistant Commissioner of the Department of Correctional Services, by letter dated October 14, 1986.
The New York State Legislature provides the Commissioner of the Department of Correction with authority to promulgate regulations giving direction to the temporary release committee at each institution in order to aid such committees in *903 carrying out this program (Correction Law § 851 [2]). The following regulation was promulgated in 7 NYCRR 1900.4 (c) (4) (i) (h):
"The interviewer shall make sure that the inmate has none of the following warrants or commitments outstanding from any jurisdiction, regardless of the date of the warrant or commitment, which would bar him from participation in temporary release * * *
"(h) concurrent and/or consecutive commitment by a local jurisdiction for a definite sentence (unless the sentencing court has indicated in writing that there is no objection to the inmate’s participation in temporary release programs (see clause [ii] [b] of this paragraph)”. (Emphasis added.)
Petitioner claims that respondents’ denial of petitioner’s application for temporary release is without a rational basis and that the Commissioner’s rules and regulations (specifically 7 NYCRR 1900.4 [c]) as applied to petitioner are arbitrary and capricious and an abuse of the Commissioner’s discretion. Respondents argue that petitioner has failed to exhaust the administrative appeal; that inmates do not have an absolute right to participate in a temporary release program, and that it is merely a matter of privilege; that Correction Law § 852 (1) and regulations promulgated pursuant thereto are presumed to be constitutional; that 7 NYCRR 1900.4 (c) (4) (i) (h) was promulgated for good reason and that the committee’s decision is neither arbitrary nor capricious.
Petitioner has exhausted his administrative remedies. Petitioner’s application for temporary release was denied on July 22, 1986. Petitioner’s counsel formally appealed to the director of temporary release programs, New York State Department of Correctional Services. On October 14, 1986 petitioner’s appeal was denied.
It is without dispute that the Commissioner of the Department of Correctional Services is entitled to promulgate rules and regulations for the administration of the work release program (Correction Law § 851 [2]). These regulations are directed to consider the safety of the community and the welfare of the applicant (Correction Law § 852 [1]; § 855 [4]). "Such rules and regulations shall reflect the purposes of the different programs and shall include but not be limited to selection criteria, supervision and procedures for the disposition of each application.” (Correction Law § 852 [1]; emphasis added.)
*904 The Commissioner of the Department of Correctional Services promulgated selection criteria in 7 NYCRR 1900.4 entitled "Procedures for temporary release committees when considering temporary release applications.” By affidavit dated October 27, 1986, Clark K. Wilson, Director of the Temporary Release Programs, New York State Department of Correctional Services, set forth the rationale for 7 NYCRR 1900.4 (c) (4) (i) (h), the selection criteria in dispute, as follows:
"5. Part 1900.4 (c) (4) [(i)] (h) was included in this selection criteria because of an incident which occurred several years ago when an inmate on a furlough absconded. He was serving an indeterminate sentence in a. departmental facility, and he also had a concurrent definite sentence for which he had been committed to a local jail as required by section 70.20 of the Penal Law which designates appropriate places of imprisonment.
"6. The judge who sentenced the inmate to the definite sentence at a local jail severely criticized the Department of Correctional Services for granting the individual temporary release without consulting the court, since the inmate owed time to the local jail.
"7. As a result of the incident described above, the Commissioner promulgated the rule contained in Part 1900.4 (c) (4) [(i)] (h). The intent of this part of the selection criteria was to mandate that when an inmate is serving a definite sentence concurrent with an indeterminate sentence, departmental staff must contact the judge who sentenced the inmate on the definite sentence to ascertain whether the judge has any objection to the inmate’s participation in temporary release programs.”
The scope of judicial review of a determination denying an inmate participation in a temporary release program is set forth in Matter of Gonzalez v Wilson (106 AD2d 386-387) as follows: "whether respondent has violated any positive statutory requirement or denied a constitutional right of the inmate and whether respondent’s determination is affected by irrationality bordering on impropriety”. (Emphasis added; see also, Matter of Hoffman v Wilson, 86 AD2d 735; Matter of Schwimmer v Dunham, 91 AD2d 100.)
Participation in the temporary release program is a privilege, not a right and no rights are conferred upon the petitioner other than the right to seek admission to the temporary release program (see, Correction Law § 855 [9]; Matter of *905 Gonzalez v Wilson, supra; Matter of Schwimmer v Dunham, supra; Matter of Hoffman v Wilson, supra).
The regulation in dispute, 7 NYCRR 1900.4 (c) (4) (i) (h), has a rational basis. It was adopted for the protection of a Judge who sentenced an inmate to a definite sentence. In light of the director’s affidavit of October 27, 1986, it is understandable why this provision was enacted. However, the facts of the instant case are not within the intendment of the regulation. Here the same sentencing Judge sentenced petitioner to both the indeterminate sentence of 1 to 3 years and the definite sentence of six months. The instant case is not a situation where a local jurisdiction sentenced the petitioner independently from the superior court. Petitioner was sentenced in the Supreme Court by one Judge. Therefore, the temporary release committee need not concern itself with receiving input from a local court Judge, and should not have contacted the sentencing Judge for his views on temporary release. The rules and regulations which set forth selection criteria do not provide for judicial input in the circumstances of this case.
The underlying facts in the instant proceeding appear to be similar to those in D’Alessio v Barra (Sup Ct, Ulster County, June 2, 1985, Traficanti, J.), cited by respondents. However, Director Clark K. Wilson’s memorandum of October 27, 1986 reflecting the history and rationale of 7 NYCRR 1900.4 was not available to Judge Traficanti at the time of his decision.
Accordingly, the respondents are directed to have the petitioner produced before the temporary release committee for reevaluation and said reevaluation must be made in accordance with this decision, i.e., Judge Edwards’ remarks are not to be considered.