OPINION OF THE COURT
Damian J. Amodeo, J.
Petitioner, an inmate currently incarcerated at Camp Beacon, commenced this CPLR article 78 proceeding seeking judicial review of respondents’ determination barring him from participation in the Department of Correctional Services temporary release program. In reviewing this application, the court has read and considered the order to show cause, verified petition and affidavit in support thereof and respondents’ verified answer, with exhibits.
On March 6, 1989, petitioner pleaded guilty to criminal sale of a controlled substance, a felony, and was sentenced by the Honorable Jack Mackston, Nassau County Court, to a term of three years to life. He also pleaded guilty to the crime of petit larceny, a misdemeanor, upon which he was sentenced by the same Judge to the Nassau County Correctional Center for a definite term of one year, to run concurrently with his indeterminate sentence.
Thereafter, petitioner applied for temporary release and, as required by departmental regulations, respondents communicated with Judge Mackston to determine whether he objected to such participation. By written notation dated June 28, 1989, the sentencing Judge stated that petitioner’s application for temporary release should be denied. Based upon this he is barred from participating in the temporary release program as long as the definite sentence is in effect (7 NYCRR 1900.4 [c] [4] [ii] [a]).
Petitioner claims that this denial is unlawful in that respondents should not have contacted the sentencing Judge on his definite sentence because he was the same Judge who imposed the indeterminate sentence. His argument is based exclusively on the decision in Musano v Ragnone (134 Misc 2d 901).
Respondents argue that petitioner has failed to exhaust his administrative remedies; that temporary release is a privilege, *453 not a right; that the governing regulation has been amended since the decision in Musano (supra), and that respondents’ determination is rational.
Petitioner has not exhausted his administrative remedies. However, while the court recognizes that the petition could be dismissed on this basis, an administrative appeal in this case would be futile. Respondents’ position that petitioner is barred from participation in temporary release is clear and unequivocal and there are no facts in dispute which if resolved administratively would result in a different outcome. Thus, the rationale for requiring exhaustion here is inapplicable and the court will determine the merits (Matter of National Elevator Indus. v State Tax Commn., 65 AD2d 304, revd on other grounds 49 NY2d 538).
Any review of a temporary release determination must start with the premise that participation in such a program is a privilege, not a right (Correction Law § 855 [9]; Matter of Gonzalez v Wilson, 106 AD2d 386). Such determination will not be disturbed unless it violated a positive statutory requirement, denied a constitutional right, or was "affected by irrationality bordering on impropriety” (Matter of Gonzalez v Wilson, supra, at 386-387; Matter of Schwimmer v Dunham, 91 AD2d 100, 104). There has been no such showing in the instant case.
The regulation provides that if an inmate is committed to a local New York State jurisdiction for a definite sentence his participation in temporary release is barred unless the sentencing Judge states in writing that he has no objection (7 NYCRR 1900.4 [c] [4] [ii] [a]). This regulation is a valid exercise of the Commissioner’s authority to administer the temporary release program in a manner consistent with the "safety of the community and the welfare of the applicant” (Correction Law § 855 [4]; § 852 [1]; § 851 [2]). Since, by virtue of serving a definite sentence, the inmate is not subject exclusively to the jurisdiction of the Department of Correctional Services, it is entirely reasonable for respondents to contact the local sentencing Judge. That Judge, as in the instant case, may have a recommendation as to whether the inmate, who still owes time to the local jail, should be allowed a furlough or to participate in work release. No basis has been demonstrated for carving out an exception when the sentencing Judge happens to be the same on both the felony and the misdemeanor convictions.
*454 The court notes that the applicable regulation has been amended since the decision in Musano (supra), which held that it was not intended to apply to the situation where the sentencing Judge was the same on both the definite and indefinite sentences. The regulation previously provided that if an inmate were sentenced by a local New York State jurisdiction the sentencing Judge’s permission was required; it now provides that sentencing to a local jurisdiction requires such permission. Respondents urge that Musano is no longer applicable because this amendment clarifies the fact that an inmate serving a concurrent definite sentence is not subject to the exclusive authority of the Department of Correctional Services and that the permission of the local sentencing Judge was intended, even where he also sentenced the inmate on the felony. However, it is not necessary for this court to make that ruling. This court is not bound by the holding in Musano, disagrees with its reasoning and declines to follow it. Accordingly, the petition is dismissed on the merits.