■ In the Matter of THOMAS PEANA, Appellant, v JAMES F. RECORE, as Director of the Department of Corrections Temporary Release Committee, Respondent. [685 NYS2d 120] —Mercure, J. Appeal from a judgment of the Supreme Court (Graffeo, J.), entered April 8, 1998 in Albany County, which dismissed

petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for temporary release.

Petitioner, a prison inmate, applied to participate in a temporary release program. After his application was approved by the Temporary Release Committee and the Superintendent of Gouverneur Correctional Facility in St. Lawrence County, the application was forwarded to the Central Office Committee for review and approval. Petitioner's application was denied by the Central Office Committee because of petitioner's lengthy criminal history and his "disregard for the negative impact [his crimes have] on society" and because he was "deemed a community risk [and a] poor work release candidate". Respondent affirmed the Central Office Committee's decision, a determination challenged in this CPLR article 78 proceeding.* Supreme Court dismissed the petition and this appeal ensued.

Preliminarily, we note that petitioner's application for temporary release was not erroneously transferred to the Central Office Committee. 7 NYCRR 1900.4 (n) (4) (iv) requires that an application for temporary release of an inmate who has three or more felony convictions be referred to the Central Office Committee for review and approval. Here, petitioner was serving his prison sentence for three felony convictions, i.e., two counts of insurance fraud in the third degree, grand larceny in the third degree and attempted grand larceny in the third degree. Accordingly, upon approval by the Temporary Release Committee and the Superintendent, his application was properly referred to the Central Office Committee.

Also unavailing is petitioner's contention that respondent's determination denying his application for temporary release is arbitrary and capricious. Mindful that an inmate's participation in a temporary release program is a privilege (*see*, Correction Law § 855 [9]), our review of a determination denying an inmate participation in a temporary release program is limited to whether the determination "violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety" (*Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387; *see*, *Matter of Williams v Recore*, 251 AD2d 833; *Matter of Di Gioia v Turner*, 215 AD2d 815, 816, *lv denied* 86 NY2d 705). Despite the fact that the Central Office Committee erroneously stated that petitioner had been convicted of insurance fraud in the second degree and attempted grand larceny in the second

---

* In petitioner's original CPLR article 78 petition, he also challenged the decision to transfer his application to the Central Office Committee.

degree, rather than in the third degree, respondent gave appropriate consideration to petitioner's criminal history, which dated back to 1978. Moreover, respondent's determination is based upon the conclusion that petitioner constitutes a community risk and a poor release candidate. Under the circumstances present here, we cannot conclude that respondent's determination is irrational (*see, id.*).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

