■ In the Matter of TIMOTHY DIXON, Appellant, v JAMES F. RECORE, as Director of Temporary Release Program, Respondent. [707 NYS2d 254] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered August 2, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for temporary release.

Petitioner, a prison inmate, applied to participate in a temporary release program. Petitioner's application was denied by the Department of Correctional Services' Central Office Committee which based its determination on petitioner's lengthy criminal history, his inability to conform to a temporary release contract or parole supervision, and the conclusion that petitioner was a risk to society and a poor work release candidate. Respondent affirmed the Central Office Committee's decision, a determination challenged in this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Initially we note that an inmate's participation in a temporary release program is a privilege (*see,* Correction Law § 855 [9]), and our review of a determination denying an inmate's application is limited to whether the determination "violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety" (*Matter of Gonzalez v Wilson,* 106 AD2d 386, 386-387; *see, Matter of Peana v Recore,* 257 AD2d 862). Accordingly, we reject petitioner's contention that respondent's determination denying his application for temporary release is arbitrary and capricious. Inasmuch as respondent considered both petitioner's criminal history and his acts of recidivism after being given the privileges of temporary work release and parole release as well as petitioner's positive custodial adjustment and program involvement, we conclude that respondent's determination is rational and should not be disturbed.

Cardona, P. J., Mercure, Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.