■ In the Matter of RUSSELL McGEE, Appellant, v JAMES F. RECORE, as Director of Temporary Release Program, New York State Department of Correctional Services, Respondent. [716

NYS2d 621] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered March 3, 2000 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for temporary release.

Petitioner, a prison inmate, applied to participate in a temporary release program. Although noting petitioner's positive disciplinary history, his application for participation in the temporary release program was nevertheless denied based upon his three felony convictions, his history of recidivism and his refusal to participate in a substance abuse program, all of which rendered petitioner a risk to the community. Supreme Court dismissed petitioner's application for CPLR article 78 review and this appeal ensued.

We reject petitioner's contention that respondent's determination denying his application was arbitrary and capricious. Initially, we note that an inmate's participation in a temporary release program is a privilege (see, Correction Law § 855 [9]) and our review is limited to whether the determination violates any positive statutory requirement or constitutional right or whether it was affected by irrationality bordering on impropriety (see, Matter of Peana v Recore, 257 AD2d 862; Matter of Williams v Recore, 251 AD2d 833). Inasmuch as petitioner has failed to establish that the denial of his application for temporary release was affected by a statutory or constitutional violation and the record establishes that respondent considered not only his criminal convictions but other appropriate factors, including his positive disciplinary record, we find no reason to disturb the determination despite some evidence of his participation in substance abuse programs (see, id.).

Mercure, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.