■ In the Matter of MICHAEL BROWN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [737 NYS2d 166] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered March 27, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

While on temporary release, petitioner called 911 for assistance because of a drug and alcohol overdose. Upon his return

to the facility, he was charged in a misbehavior report with both drug and alcohol use, together with a violation of temporary release rules as a result thereof. After a tier III hearing, petitioner was found guilty of the charges. His petition in this proceeding pursuant to CPLR article 78 to annul the determination was dismissed for failure to state a cause of action. While this appeal was pending, petitioner advised the Court that the determination had been administratively reversed and requested that the appeal not be dismissed because he had not received all of the relief requested in the petition. The Attorney General has confirmed that the determination was administratively reversed and the matter expunged from petitioner's institutional record.

According to petitioner, dismissal is inappropriate because he was not restored to the temporary release program, relief that was requested in his petition. Removal from the temporary release program, however, was the subject of a separate administrative proceeding independent of the prison disciplinary proceeding (see, 7 NYCRR 1904.2). Indeed, the Hearing Officer in a prison disciplinary proceeding "may not impose as a penalty removal from the temporary release program" (7 NYCRR 1904.2 [f]). Inasmuch as petitioner was not removed from the temporary release program by the determination finding him guilty of violating prison disciplinary rules, which is the only determination subject to review in this proceeding, his restoration to that program is not a form of relief to which he could be entitled in this proceeding. Accordingly, as a result of the administrative reversal and expungement, petitioner has in fact received all of the relief to which he could have been entitled and, therefore, dismissal of this appeal as moot is appropriate (see, e.g., Matter of Sutton v Coombe, 238 AD2d 647). It appears that petitioner's remedy with regard to the temporary release program is an application for restoration to the program and, if necessary, pursuit of administrative and judicial review.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.