■ In the Matter of WALTER RUFFIN, Appellant, v DEBRA JOY, as Director of Temporary Release Programs, Respondent. [748 NYS2d 530] —Appeal from a judgment of the Supreme Court (Cobb, J.), entered August 6, 2001 in Greene County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time-barred.

Petitioner commenced this CPLR article 78 proceeding to challenge an amended determination, issued October 6, 2000, denying his request to participate in the temporary release program at the correctional facility in which he was incarcerated. Supreme Court granted respondent's motion to dismiss the proceeding as barred by the four-month statute of limitations (see CPLR 217 [1]). We affirm.

In general, the limitations period begins to run in a CPLR article 78 proceeding when a petitioner receives notice of the final administrative determination (see Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834). In this matter, Supreme Court determined that petitioner would have received notice of the final determination of October 6, 2000 by mail no later than October 11, 2000; hence, the statute of limitations expired February 11, 2001. The instant proceeding, however, was not commenced until March 27, 2001. Contrary to petitioner's contention, his requests for reconsideration (the last was mailed March 2, 2001) did not extend or toll the statute of limitations (see Matter of Jenkins v Goord, 288 AD2d

732, *appeal dismissed* 97 NY2d 748; *Matter of De Grijze v Goord*, 260 AD2d 836). As the record establishes that the clerk of the court did not receive the necessary papers until after the statute of limitations had expired, the proceeding was properly dismissed as time-barred (*see Matter of Ali v Goord*, 284 AD2d 668).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.