■ In the Matter of MICHAEL BROWN, Appellant, v ISRAEL RIVERA, as Superintendent of Washington Correctional Facil-

ity, Respondent. [748 NYS2d 886] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered February 6, 2002 in Washington County, which converted petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, into a proceeding pursuant to CPLR article 78 and dismissed the petition.

In April 2000, following a tier III disciplinary hearing, petitioner was found guilty of violating temporary release rules. Thereafter, the temporary release committee removed him from the temporary release program. After the tier III determination was administratively reversed in October 2001, petitioner requested immediate reinstatement to the program. Petitioner's request was denied based upon, inter alia, petitioner's disciplinary record following his removal from the temporary release program, and that denial was upheld on administrative appeal. Petitioner filed a petition for a writ of habeas corpus under CPLR article 70. After converting the matter to a proceeding pursuant to CPLR article 78, Supreme Court dismissed the petition, resulting in this appeal.

Correction Law § 855 (9) provides that "[p]articipation in a temporary release program shall be a privilege" (*see* 7 NYCRR 1904.1; *Matter of Di Gioia v Turner*, 215 AD2d 815, 816, *lv denied* 86 NY2d 705), therefore, this Court's review "is limited to whether the [reinstatement denial] 'violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety' " (*Matter of Dixon v Recore*, 271 AD2d 778, 778, quoting *Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387; *see Matter of Peana v Recore*, 257 AD2d 862, 863). Contrary to petitioner's argument, he has "no due process entitlement to continued participation in the program" (*Matter of Szucs v Recore*, 209 AD2d 803, 803).

Here, petitioner was found guilty of violating the temporary release program rules following a tier III disciplinary hearing. The fact that the disciplinary determination was subsequently reversed and expunged from petitioner's record does not mandate his automatic reinstatement to the temporary release program, inasmuch as his removal was the result of a separate administrative proceeding (*see* 7 NYCRR 1904.2 [f]; *see also Matter of Brown v Goord*, 290 AD2d 901, 902). Petitioner's disciplinary record following his removal from the temporary release program, which included two adverse disciplinary determinations, was appropriately considered given the time periods involved and provided a sufficient basis for the denial of his application for reinstatement to the program (*see* 7

NYCRR 1904.1 [c] [3]). Accordingly, we find no error in the dismissal of the petition.

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.