■ In the Matter of JAY A. WALLMAN, Appellant, v DEBRA JOY, as Director of Temporary Release Program, et al., Respondents. [760 NYS2d 560] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 3, 2002 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request to participate in a temporary release program.

Petitioner challenges the January 2002 denial of his request

to participate in an industrial training leave program. The stated rationale for the denial was the concern that petitioner's release posed a threat to public safety given the nature of his crimes, i.e., he stood convicted of larceny in the first degree and larceny in the second degree (two counts) arising out of his misconduct as an attorney in misappropriating over $4.7 million in funds from his clients' escrow accounts. Supreme Court dismissed petitioner's application for CPLR article 78 review of the determination denying his application and this appeal ensued.

An inmate's participation in a temporary release program is a privilege and not a right (*see* Correction Law § 855 [9]). Hence, our review is limited to a determination of whether the denial of the privilege in this instance "violated any positive statutory requirement or denied a constitutional right of the inmate and whether * * * [it was] affected by irrationality bordering on impropriety" (*Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387 [1984]; *see Matter of Lee v Recore*, 243 AD2d 796, 796-797 [1997]). Petitioner has failed to demonstrate that the denial of his application was affected by any statutory or constitutional violation. In addition, the denial had a rational basis, i.e., the nature of his crime raised serious doubts as to whether petitioner was sufficiently trustworthy to take part in a temporary release program and whether his release posed a threat to community safety (*see Matter of Romer v Goord*, 242 AD2d 574, 575 [1997], *lv denied* 91 NY2d 811 [1998]). The remaining contentions raised by petitioner have been examined and found to be without merit.

Mercure, J.P., Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.