■ In the Matter of DAVID MOTTSHAW, Appellant, v DEBRA JOY, as Director of Temporary Release Programs of the New York State Department of Correctional Services, et al., Respondents. [761 NYS2d 882] —Appeal from a judgment of the Supreme Court (Spargo, J.), entered October 18, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of Temporary Release Programs denying petitioner's request for participation in a temporary work release program.

Petitioner pleaded guilty to the crime of attempted burglary in the second degree and is currently serving a determinate prison sentence of three years. His conviction arose out of an incident wherein he violated a court order of protection by breaking into the residence of his former spouse and children. He then menaced his mother-in-law and engaged in a 3½-hour standoff with police during which he threatened to blow up the house. Petitioner's request for participation in a temporary work release program was denied. Supreme Court thereafter dismissed his application to review this determination, prompting this appeal.

It is well settled that participation in a temporary release program is a privilege, not a right (*see* Correction Law § 855 [9]; *Matter of McGee v Recore*, 277 AD2d 555, 556 [2000]). This Court's review of a determination denying such an application is limited to whether the determination "violated any positive statutory requirement or denied a constitutional right of the inmate and whether * * * [it] is affected by irrationality bordering on impropriety" (*Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387 [1984]; *see Matter of Dixon v Recore*, 271 AD2d 778 [2000]). In this matter, petitioner has failed to es-

tablish that the denial of his application for temporary release was affected by a statutory or constitutional violation. The record establishes that the factors considered in the instant matter included the serious nature of petitioner's crime, his lack of insight into the gravity thereof and his refusal to participate in recommended rehabilitative programs during his incarceration. These are all appropriate considerations (*see* 7 NYCRR 1900.4 [*l*]). Hence, the determination denying petitioner's request will not be disturbed. The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.