■ In the Matter of DOUGLAS CABAN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [764 NYS2d 493] —Kane, J. Appeals (1) from a judgment of the Supreme Court (Sheridan, J.), entered July 30, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent revoking petitioner's approval to participate in a work release program and denying petitioner's subsequent application for work release, and (2) from a judgment of said

court, entered January 7, 2003 in Albany County, which denied petitioner's motion for reconsideration.

In September 2000, petitioner, while an inmate at the Sullivan Correctional Facility in Sullivan County, was granted presumptive work release approval in order to participate in respondent's three-phase Comprehensive Alcohol and Substance Abuse Treatment Program (hereinafter CASAT) (*see* 7 NYCRR part 150). Between January and June 2001, petitioner successfully completed the first phase of CASAT, which involves treatment in a correctional facility setting, and was informed that phase two—a work release phase—would begin in early July 2001. However, on or about June 18, 2001, petitioner's presumptive work release approval and, thus, his approval to participate in phase two of CASAT, was revoked due to confidential information received by respondent. As such, petitioner was transferred to a maximum security facility and verbally informed that he had been found "unsuitable" for CASAT.

Thereafter, petitioner applied for reinstatement to the work release phase of CASAT, which application was denied by respondent in September 2001. Respondent also denied petitioner's subsequent application for work release approval, citing the adverse confidential information that had been obtained. Asserting that the denial of his application for work release approval was arbitrary and capricious and that, in the absence of a hearing, his removal from the work release phase of CASAT violated his due process rights, petitioner commenced this CPLR article 78 proceeding. Supreme Court rejected both of petitioner's claims and dismissed the petition. A subsequent motion to renew was also denied by Supreme Court. Petitioner now appeals.*

Initially, we reject petitioner's claim with respect to the denial of his work release application. An inmate's participation in a temporary release program is a privilege, not a right (*see* Correction Law § 855 [9]; *Matter of Martin v Goord*, 305 AD2d 899, 900 [2003], *lv denied* 100 NY2d 510 [2003]). As such, our review "is limited to whether the determination 'violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety' " (*Matter of Dixon v Recore*, 271 AD2d 778, 778 [2000], quoting *Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387 [1984]). Here, our in camera

---

* Although petitioner also appealed from the denial of his motion for reconsideration, that appeal is deemed abandoned by his failure to address it in his brief.

review of the confidential information obtained by respondent clearly demonstrates that respondent's denial was rational (*see Matter of Wallman v Joy*, 304 AD2d 996 [2003]). Moreover, petitioner has failed to demonstrate that the denial of his application was affected by any statutory or constitutional violation.

Nor are we persuaded by petitioner's contention that his due process rights were violated when, without a hearing, his approval to participate in the work release phase of CASAT was revoked. Fatal to petitioner's argument is his erroneous belief that participation in phase one of CASAT was, in fact, participation in temporary work release. Pursuant to regulation, "[a]pproval to participate in any type of temporary release program is a conditional approval until such time as participation *has commenced*" (7 NYCRR 1901.1 [d] [2] [emphasis added]). Such conditional approval "shall be rescinded * * * upon receipt of significant and adverse information not available when the inmate was originally approved for temporary release participation" (7 NYCRR 1901.1 [d] [3]). Here, at the time petitioner's conditional work release approval was rescinded, he had participated in only phase one—the residential phase—of CASAT and not phase two—the work release phase. Accordingly, while petitioner would have been entitled to a hearing had the work release phase commenced and his "continued participation" in that phase was in question (7 NYCRR 1904.2 [*l*]; *see People ex rel. Aupperlee v Warden of Wallkill Correctional Facility*, 235 AD2d 605, 605 [1997]), since commencement of phase two had not yet occurred, his participation was still conditional and subject to revocation.

Although no due process violation has occurred, respondent acknowledges that it violated 7 NYCRR 1901.1 (d) (5) by not providing petitioner with written notice of its decision to rescind his conditional work release approval. Nevertheless, given petitioner's failure to demonstrate that his case suffered any prejudice as a result of this procedural error, annulment of respondent's determination is not warranted (*see Matter of Vidal v Burge*, 303 AD2d 950, 951 [2003], *lv denied* 100 NY2d 506 [2003]; *Matter of Covington v Goord*, 262 AD2d 803, 804 [1999]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgments are affirmed, without costs.