Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered February 7, 2003 in Albany County, which dismissed *846 petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Director of Temporary Release Programs denying petitioner’s application for participation in a presumptive work release program.
Petitioner’s application for participation in a presumptive work release program was denied due, in part, to his criminal history that dates back to 1977 and includes two prior terms of imprisonment in state correctional facilities, arising out of convictions of sodomy in the first degree and criminal possession of a controlled substance in the fifth degree. Petitioner’s current sentence was imposed upon his conviction of criminal sale of a controlled substance in the fifth degree. Respondents concluded that petitioner’s continued inability to modify his criminal behavior rendered him “unsuitable” for participation-in the program. Supreme Court dismissed petitioner’s subsequent CPLR article 78 proceeding, prompting this appeal.
Inasmuch as an inmate’s participation in a temporary release program is a privilege (see Correction Law § 855 [9]), our review of a determination denying an application to participate therein is limited to a consideration of whether the determination “violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety” (Matter of Gonzalez v Wilson, 106 AD2d 386, 386-387 [1984]). We find no such violations here. Contrary to petitioner’s contentions, his criminal history was not the sole factor taken into consideration. His accomplishments and positive adjustment to incarceration were specifically noted but were deemed to be outweighed by his recidivism, rendering him a poor risk for temporary release (see Matter of Ramos v Recore, 278 AD2d 775, 775 [2000]).
We reject petitioner’s contention that the denial of his application for temporary release constitutes “double jeopardy” as it is additional punishment for a crime for which he has already been punished with incarceration (see Matter of Bockeno v New York State Parole Bd., 227 AD2d 751 [1996]). We conclude that the determination under review was not irrational nor did it violate petitioner’s statutory or constitutional rights. Hence, Supreme Court’s judgment dismissing petitioner’s CPLR article 78 proceeding was appropriate (see Matter of Dixon v Recore, 271 AD2d 778 [2000]).
Her cure, J.P, Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.