■ In the Matter of Oscar Pena, Appellant, v Alan Roberts, as Superintendent of Chateaugay Correctional Facility, et al., Respondents. [788 NYS2d 715]—

Appeal from a judgment of the Supreme Court (Benza, J.), entered November 26, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination partially denying petitioner's grievance.

Supreme Court properly dismissed the petition challenging the denial of petitioner's grievance request for a hearing pursuant to 7 NYCRR 1904.2 (g) and reinstatement into the temporary release program after his application for participation in the temporary release program was denied. The record establishes that petitioner had participated in the temporary release program in 1996 while serving a prison term which ultimately expired in 1999. The denial of petitioner's request to participate in the temporary release program upon his return to prison on new charges in 2003 does not amount to a "removal" from the

program entitling him to a hearing pursuant to 7 NYCRR 1904.2. Rather, petitioner's 2003 application for participation in the temporary release program is separate and distinct from his 1996 participation therein. His new application would be processed in accordance with 7 NYCRR 1900.4 (*see generally Matter of Caban v New York State Dept. of Correctional Servs.,* 308 AD2d 661 [2003]). To the extent that petitioner seeks to be reinstated to the temporary release program, participation in such programs are a privilege rather than a right (*see Matter of Peana v Recore,* 257 AD2d 862 [1999]). Regardless of any erroneous reference to a disciplinary determination that should have been expunged, given petitioner's history of recidivism and parole violation the record establishes that there was a rational basis supporting the decision (*see id.*).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.