■ In the Matter of DEMARIANO FAGAIRO, Appellant, v DEBRA JOY, as Director of the New York State Department of Correctional Services Temporary Release Programs, Respondent. [794 NYS2d 497]—

Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered July 8, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR

article 78, to review a determination of the Central Office Review Committee revoking petitioner's conditional approval to participate in a temporary release program and a determination of respondent denying his subsequent application for temporary release.

Petitioner was a participant in phase I of a three-phase Comprehensive Alcohol and Substance Abuse Treatment (hereinafter CASAT) Program while he was incarcerated in a state correctional facility. On May 29, 2003, following unsatisfactory performance evaluations, petitioner was removed from the program and the removal was upheld by the Central Office Review Committee based upon petitioner's poor evaluations as well as his defiant attitude and negative behavior. On June 2, 2003, petitioner was transferred to another state correctional facility. While at the facility, he applied for participation in a temporary release program. This application was denied and the denial was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations. Following service of respondent's answer, Supreme Court dismissed the petition, resulting in this appeal.

Turning first to the determination denying petitioner's request for participation in the temporary release program, we note that petitioner has since reapplied for temporary release and his application was again denied in February 2005. In view of this, that issue is now moot (*see Matter of Wallman v Joy*, 301 AD2d 931 [2003]; *Matter of Bell v Recore*, 276 AD2d 983 [2000]). As for the determination removing him from the CASAT Program, there is no requirement that an inmate be afforded a hearing prior to such removal (*see* 7 NYCRR part 1950). Petitioner's participation in the CASAT Program did not equate to actual participation in a temporary release program, the discontinuation of which would have entitled him to a hearing, but rather amounted to conditional approval to participate in a temporary release program (*see Matter of Caban v New York State Dept. of Correctional Servs.*, 308 AD2d 661, 663 [2003]; 7 NYCRR 1904.2 [*l*]). Inasmuch as such conditional approval was rescinded based upon a deterioration in petitioner's program participation (*see* 7 NYCRR 1901.1 [d] [3]), it was neither arbitrary nor capricious.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.