■ In the Matter of ISIDRO ABASCAL, Appellant, v JOHN ROACH, as Chair of Temporary Release Committee, Respondent. [802 NYS2d 569]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 14, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for participation in the temporary work release program.

Petitioner, who is serving a sentence of six years to life for his conviction of criminal sale of a controlled substance in the second degree, commenced this CPLR article 78 proceeding challenging the denial of his application to participate in a temporary work release program. Supreme Court dismissed the petition and we affirm.

Participation in a temporary release program is a privilege, not a right (*see* Correction Law § 855 [9]), and this Court's review of the denial of an application to participate in such program is limited to whether the determination "violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety" (*Matter of Gonzalez v Wilson,* 106 AD2d 386, 386-387 [1984]; *see Matter of Patterson v Goord,* 1 AD3d 845, 846 [2003]). We find no such violations here. The record reveals that the basis for the denial of petitioner's application

was the nature of his crime, his recidivist history and, although improved, his poor institutional behavior, all of which were appropriate factors to consider in determining whether petitioner was an acceptable candidate for temporary release (*see* 7 NYCRR 1900.4 [c]; *Matter of Mottshaw v Joy*, 307 AD2d 492 [2003]; *Matter of Martin v Goord*, 305 AD2d 899 [2003], *lv denied* 100 NY2d 510 [2003]). Furthermore, petitioner has demonstrated no prejudice as a result of the alleged failure to provide him with a copy of the point score work sheet pursuant to 7 NYCRR 1900.4 (e) and we find no reason to disturb the determination on such basis. Finally, we find no reason to disturb the directive that petitioner wait until December 2005 before reapplying for presumptive work release (*see* 7 NYCRR 1900.4 [c] [11]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.