■ In the Matter of SRI CLYDE COLLINS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [805 NYS2d 741]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Stein, J.), entered August 17, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to review a determination of respondents denying petitioner's application to participate in a temporary release program.

Petitioner, a prison inmate, applied to participate in a temporary release program. The facility's Temporary Release Committee denied petitioner's application, citing his recidivist history. Following an unsuccessful administrative appeal, at which his pattern of criminal behavior and previous parole violations were noted, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to challenge the denial of his application. Supreme Court initially remanded the matter to respondents upon their failure to submit supporting documentation with their answer and, upon reconsideration, the Committee adhered to its prior determination. Respondents then submitted the complete administrative record for Supreme Court's review, following which Supreme Court dismissed the underlying petition. This appeal by petitioner ensued.

We affirm. "It is well settled that participation in a temporary release program is a privilege, not a right" (*Matter of Martin v Goord*, 305 AD2d 899, 900 [2003], *lv denied* 100 NY2d 510 [2003] [citations omitted]), and, as such, our review "is limited to whether the determination 'violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety' " (*Matter of Dixon v Recore*, 271 AD2d 778, 778 [2000], quoting *Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387 [1984]; *see Matter of Caban v New York State Dept. of Correctional Servs.*, 308 AD2d 661, 662 [2003]). Here, the Committee found petitioner unsuitable for temporary release based upon his lengthy criminal history and demonstrated inability to conform his behavior, as evidenced by his prior parole violations. Such factors plainly provide a rational basis for the Committee's determination in this regard (*see Matter of Peana v Recore*, 257 AD2d 862, 864 [1999]). Moreover, whatever inaccuracies may have existed in petitioner's presentencing report are not referenced in the Committee's determination denying petitioner's application for temporary release and, in any event, any erroneous reference to the use of a weapon during the commission of the crime for which petitioner is incarcerated does not warrant annulment where, as here, the factors actually relied upon by the Committee provide a rational basis for such determination (*see Matter of Pena v Roberts*, 15 AD3d 707, 708 [2005]). Petitioner's remaining contentions, including his assertion that respondents defaulted and that Supreme Court's in camera inspection of the presentencing report constitutes a

denial of due process, have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.