■ In the Matter of DOMENICK CRISPINO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [817 NYS2d 711]—

Appeal from a judgment of the Supreme Court (Feldstein, J.),

entered November 4, 2005 in Franklin County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services denying petitioner's request to participate in a temporary release furlough program.

Petitioner, an attorney, was convicted in 2001 of multiple counts of grand larceny, criminal possession of stolen property and criminal possession of a forged instrument after he stole money from numerous clients (*People v Crispino*, 298 AD2d 220 [2002], *lv denied* 99 NY2d 627 [2003]). He was sentenced to an aggregate term of 7 to 21 years in prison (*id.*). In November 2004, he applied for a furlough under the temporary release program for the purpose of reestablishing ties with his daughter (*see* 7 NYCRR 1900.3 [c]). Respondent Superintendent of Franklin Correctional Facility denied the application based upon the nature of petitioner's crimes. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.*

Initially, we note that the standard for reviewing the determination at issue is whether it " 'violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety' " (*Matter of Abascal v Maczek*, 19 AD3d 913, 914 [2005], *lv denied* 5 NY3d 713 [2005], quoting *Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387 [1984]). In support of his challenge, petitioner relies on a prior determination in which the Superintendent approved his application to participate in a temporary work release program (*see* 7 NYCRR 1900.3 [f]). We note, however, that the two programs are completely dissimilar. The temporary work release program allows an inmate up to a 14-hour leave from the correctional facility for work, while the furlough program allows an inmate leave of up to 14 days to attend to family and related matters (*see* 7 NYCRR 1900.3 [c], [f]). Given the significant differences in the duration and nature of these leaves, varying dispositions would not be inconsistent. Even if these programs were analogous, the Superintendent's initial approval of petitioner's temporary work release application would have no binding effect as it was later disapproved by the temporary release reviewer based upon the serious nature of petitioner's crimes and the disapproval was affirmed by respondent Director of Temporary Release Programs (answer ex-

---

* During the course of the CPLR article 78 proceeding, petitioner also made a discovery motion pursuant to CPLR 408, which was denied by Supreme Court.

hibit F). Considering the deceitful nature of petitioner's crimes and the large number of trusting clients who were victimized, we cannot conclude that the denial of his furlough application was " 'affected by irrationality bordering on impropriety' " (*Matter of Abascal v Maczek, supra* at 914, quoting *Matter of Gonzalez v Wilson, supra* at 386-387), or that it violated petitioner's statutory or constitutional rights. Accordingly, Supreme Court properly dismissed the petition (*see e.g. Matter of Wallman v Joy,* 304 AD2d 996, 997 [2003]). In view of our disposition, we need not address petitioner's remaining claim.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.