■ In the Matter of MICHAEL MATHIE, IV, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [845 NYS2d 867]—

Peters, J. Appeals (1) from a judgment of the Supreme Court (Kavanagh, J.), entered March 1, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition, and (2) from an order of said court, entered October 16, 2006 in Albany County, which denied petitioner's motion for reargument.

Petitioner was found guilty of violating certain prison disciplinary rules following a July 21, 2004 tier III hearing, but the determination was later reversed on administrative appeal. In October 2004, he commenced this CPLR article 78 proceeding seeking to have all references to the reversed determination and hearing expunged from his institutional record. Respondents, in turn, moved to dismiss the proceeding on the ground that the necessary expungement had been conducted and that the proceeding was, therefore, moot. In opposition to the motion, petitioner pointed to various documents he obtained through a November 2004 request under the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]), which he maintained had not been properly expunged. Upon concluding that none of the documents contained improper references, Supreme Court dismissed the petition. Thereafter, petitioner made additional FOIL requests and obtained further documents which he submitted in support of a motion to reargue and/or renew. Supreme Court denied the motion. Petitioner subsequently moved pursuant to CPLR 5015 (a) (3) to vacate the prior judgment and order on grounds of fraud, misrepresentation and misconduct. Supreme Court treated the motion as one for reargument and denied the same. Petitioner appeals from the judgment dismissing his petition as well the second order denying his motion, and these appeals have been consolidated.

Respondents concede that the documents that petitioner obtained through his FOIL requests, namely, the July and October 2004 quarterly review worksheets and the July 2004 transfer request, contain improper references to the reversed

disciplinary determination and hearing, and that such references should have been redacted. Respondents have submitted recent correspondence from the Department of Correctional Services at the correctional facility where petitioner is incarcerated indicating that petitioner's institutional file has been thoroughly reviewed and no longer contains any references to the determination or hearing at issue. In view of this, and given that petitioner has been granted all the relief to which he is entitled, the appeals must be dismissed as moot (*see Matter of Roman v Goord*, 41 AD3d 1102 [2007]; *Matter of Kalwasinski v Goord*, 30 AD3d 940 [2006]). Although petitioner also seeks vacatur of a February 7, 2006 disciplinary determination and takes issue with the denial of his request to serve on the inmate liaison committee, his removal from his prison job and a required submission to urinalysis testing, any relief to be granted in connection with these actions is properly the subject of a separate CPLR article 78 proceeding (*see e.g. Matter of Brown v Goord*, 290 AD2d 901, 902 [2002]). Petitioner's request for reimbursement of disbursements incurred in connection with this proceeding, however, is another matter. The disbursement forms contained in the record establish that petitioner incurred expenses of $20.32. Under the circumstances presented, petitioner should be permitted to recoup these expenses (*see Matter of Mack v Smith*, 32 AD3d 599 [2006]; *Matter of Simmonds v Selsky*, 21 AD3d 1166 [2005]). Petitioner's request for costs pursuant to CPLR 8101 and sanctions is denied.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs, but with disbursements in the amount of $20.32.