Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 27, 2009 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commis *723 sioner of Correctional Services denying his application to participate in a temporary release program.
Petitioner, a prison inmate, applied to participate in a temporary release program and his application was approved by the facility’s Temporary Release Committee. However, it was thereafter denied by a reviewer for the Department of Correctional Services. On administrative appeal, respondent Commissioner of Correctional Services (hereinafter respondent) upheld that determination, after which petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.
We affirm. Participation in a temporary release program is not a right, but a privilege and, thus, our review “is limited to whether the determination ‘violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety’ ” (Matter of Dixon v Recore, 271 AD2d 778, 778 [2000], quoting Matter of Gonzalez v Wilson, 106 AD2d 386, 386-387 [1984]; accord Matter of Collins v Goord, 24 AD3d 1048, 1049 [2005]). Here, respondent found petitioner unsuitable for temporary release based upon, in part, the nature of the crimes committed and petitioner’s recidivist history. Those factors clearly provide a rational basis for respondent’s determination (see 7 NYCRR 1900.4 [1] [1], [2], [3]; Matter of Herber v Joy, 61 AD3d 1142, 1142-1143 [2009]; Matter of Wiggins v Joy, 46 AD3d 1035, 1036 [2007]; Matter of Collins v Goord, 24 AD3d at 1049). The fact that some inaccuracies may have been articulated in respondent’s denial—such as petitioner being armed with a baseball bat during the commission of the crime for which he is incarcerated—does not warrant annulment where the other factors relied upon provide a rational basis for the determination (see Matter of Collins v Goord, 24 AD3d at 1049; Matter of Pena v Roberts, 15 AD3d 707, 708 [2005]; Matter of Peana v Recore, 257 AD2d 862, 863-864 [1999]).
With regard to petitioner’s contention that respondent prematurely rendered a decision on his administrative appeal, we find that respondent’s amended decision, specifically stating that petitioner’s memorandum had been considered, remedied the procedural error complained of (see Matter of Adams v Joy, 48 AD3d 914, 915 [2008]). We have examined petitioner’s remaining contentions and have found them to be without merit.
Mercure, J.P., Spain, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.