■ In the Matter of JERMAINE BAKER, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [930 NYS2d 527]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying his application for temporary release to a substance abuse treatment program. We note at the outset that the proceeding was improperly transferred to this Court pursuant to CPLR 7804 (g) because no substantial evidence question is raised herein (*see generally* CPLR 7803 [4]; Correction Law § 855 [9]; *Matter of Tatta v Dennison*, 26 AD3d 663 [2006], *lv denied* 6 NY3d 714 [2006]; *Matter of Gonzalez v Wilson*, 106 AD2d 386 [1984]). Nevertheless, we consider the merits of the petition in the interest of judicial economy (*see generally Matter of La Rocco v Goord*, 19 AD3d 1073 [2005]). Here, petitioner's escalating criminal history, especially the circumstances of his instant offense, raised rational concerns regarding whether petitioner was sufficiently trustworthy to participate in a temporary release program and whether his release would pose a threat to community safety (*see Matter of Wallman v Joy*, 304 AD2d 996 [2003]; *Matter of Romer v Goord*, 242 AD2d 574 [1997], *lv denied* 91 NY2d 811 [1998]). Thus, the determination denying petitioner's application for temporary release was not "affected by irrationality bordering on impropriety," nor did respondent violate any statutory requirement or deny a constitutional right of petitioner (*Gonzalez*, 106 AD2d at 386-387). Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.