# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

878

TP 11-00462

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF JERMAINE BAKER, PETITIONER,

V                                            MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (EDWARD L. CHASSIN OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered March 2, 2011) to review a determination of respondent. The determination denied the application of petitioner for temporary release.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying his application for temporary release to a substance abuse treatment program. We note at the outset that the proceeding was improperly transferred to this Court pursuant to CPLR 7804 (g) because no substantial evidence question is raised herein (*see generally* CPLR 7803 [4]; Correction Law § 855 [9]; *Matter of Tatta v Dennison*, 26 AD3d 663, *lv denied* 6 NY3d 714; *Matter of Gonzalez v Wilson*, 106 AD2d 386). Nevertheless, we consider the merits of the petition in the interest of judicial economy (*see generally Matter of La Rocco v Goord*, 19 AD3d 1073). Here, petitioner's escalating criminal history, especially the circumstances of his instant offense, raised rational concerns regarding whether petitioner was sufficiently trustworthy to participate in a temporary release program and whether his release would pose a threat to community safety (*see Matter of Wallman v Joy*, 304 AD2d 996; *Matter of Romer v Goord*, 242 AD2d 574, *lv denied* 91 NY2d 811). Thus, the determination denying petitioner's application for temporary release was not "affected by irrationality bordering on impropriety," nor did respondent violate any statutory requirement or

deny a constitutional right of petitioner (*Gonzalez*, 106 AD2d at 386-387).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court