■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD HOWSER, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. — Judgment of the Supreme Court, Bronx County (Hecht, J.) entered on November 16, 1981, dismissing the petitioner's writ of habeas corpus, reversed, on the law and the facts, without costs or disbursements, and the petition granted; the parole revocation warrant vacated and the petitioner reinstated to the status of parolee. Petitioner while on parole was arrested for an unrelated charge in May of 1981. A violation of parole warrant was executed against the petitioner

on June 8, 1981, and at that time he was afforded a notice of violation and waived his right to a preliminary hearing. The petitioner's first scheduled final hearing on July 28, 1981 was adjourned when his parole officer did not appear for the hearing. Petitioner was never actually brought into the hearing room but signed a "Report of Undelivered Inmate". The hearing was rescheduled for August 17, 1981 but petitioner never received a copy of the violation of parole report and denied receiving notice of the adjourned hearing until he was produced on that date. The minutes of the final hearing of August 17, 1981 reflect that the petitioner also did not receive a supplemental report of violation of parole which added a third charge. The hearing officer elicited a waiver from the petitioner of the 14-day notice of his final hearing including a copy of the violation of parole report required pursuant to section 259-i (subd 3, par [f], cls [iii], [iv]) of the Executive Law and 9 NYCRR 8005.17 (b) and 8005.18 (a)-(c). The record indicates that there was no clear, knowing, informed waiver by petitioner of his right to adequate notice. Respondent did not comply with the statutory provisions and the regulations promulgated thereunder. Whether or not petitioner received notice of the date of the hearing is in issue. There is no doubt however that respondent did not afford petitioner *proper* notice pursuant to the Executive Law and the respondent's regulations (see *People ex rel. Johnson v New York State Bd. of Parole,* 71 AD2d 595). The purported waiver, being uninformed and unclear, must be denied legal effect by this court (*People ex rel. Rivera v New York State Div. Parole,* 83 AD2d 918). Under the circumstances, since the failure to give proper notice within the period required by the statute (Executive Law, § 259-i, subd 3, par [f], cl [iii]) rendered the final revocation hearing invalid, the appropriate remedy is vacatur of the parole revocation warrant and reinstatement of the petitioner to parole (*People ex rel. Johnson v New York State Bd. of Parole, supra,* at p 596). Concur — Sandler, J. P., Sullivan and Asch, JJ.

Bloom, J., dissents in part in a memorandum as follows: My brethren have concluded that relator's waiver was the product of a lack of understanding on his part of the rights accorded to him by statute and the regulations. I am not at all persuaded that this is so. While I join the majority in reversing, rather than grant the habeas petition, I would remand for a hearing. The adjourned final revocation hearing came on to be heard on the seventieth day following the relator's waiver of the preliminary hearing. At the adjourned final revocation hearing relator waived his right to service of the third charge which had been added to the two, notice of which had already been given to him, to the 14-day notice of hearing mandated by statute and to the right to counsel. Had relator insisted on any or all of these rights, there was still sufficient time to effect full compliance within the 90-day period during which the final revocation hearing was required to be held. By waiving these rights and proceeding with the hearing on the seventieth day following the waiver of the preliminary hearing, he has now made compliance with the statute impossible. In these circumstances it is appropriate, before the writ is granted and the prisoner discharged, that there be clear proof that his waiver was without the requisite intent and understanding. On the basis of the record before us I am unable to conclude that his actions were so lacking in understanding of what was being given up that they can be characterized as unintentional and unintelligent. To resolve that issue I would remand for a hearing.