■ In the Matter of MICHAEL ERDHEIM, Appellant, v GILBERT DILLARD, as Chair of the Temporary Release Committee, Fishkill Correctional Facility, Respondent. [736 NYS2d 142] —Peters, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered June 18, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request to participate in a temporary release program.

As the result of a sentence imposed upon his conviction in December 1994, petitioner is currently serving an aggregate indeterminate prison term of 10 to 20 years. In July 2000, petitioner applied to participate in a temporary release program and his application was denied on the ground that he was not eligible to participate in such a program. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding to challenge the determination and Supreme Court dismissed the petition. Petitioner appeals.

Pursuant to Correction Law § 851 (2), an eligible inmate is

"a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years." Petitioner's parole eligibility date is October 25, 2004 and his conditional release date is February 25, 2008. Nevertheless, relying on the merit time allowance provisions of Correction Law § 803, petitioner contends that he is within two years of becoming eligible for release on parole. We disagree.

The merit time allowance, available to certain inmates who have completed various programs, is a credit against the minimum term of a prison sentence in the amount of one sixth of that minimum term (*see*, Correction Law § 803 [1] [d]). When granted, the effect of this merit time allowance is to accelerate petitioner's initial parole hearing date (*see*, *Matter of McKeown v Goord*, 284 AD2d 622) which could result in petitioner's "possible release on parole at a date computed by subtracting the merit time allowance from his * * * parole eligibility date" (7 NYCRR 280.4 [a]). Petitioner, however, has no right to a merit time allowance and the determination of whether to grant such an allowance rests with the Commissioner of Correctional Services (*see*, Correction Law § 803 [4]) or his designee (*see*, 7 NYCRR 280.3 [b] [1]), a determination which will not be made until shortly before the tentative date of the accelerated initial parole hearing (*see*, 7 NYCRR 280.3 [b] [3]). Thus, prior to a determination to grant merit time allowance, petitioner remains ineligible for parole until his parole eligibility date.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.