██ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TIMOTHY ADLER, Appellant, v JOHN BEAVER, as Superintendent of Orleans Correctional Facility, et al., Respondents. [785 NYS2d 226]—

Appeal from a judgment (denominated order) of the Supreme Court, Orleans County (James P. Punch, A.J.), entered April 24, 2003 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment converting his petition for a writ of habeas corpus into a petition pursuant to CPLR article 78 and dismissing the petition. Although petitioner properly contends that there is a liberty interest in continued participation in a temporary release program, such as the work release program in which he had been participating (*see People ex rel. Aupperlee v Warden of Wallkill Correctional Facility*, 235 AD2d 605 [1997]; *see also* 7 NYCRR 1904.2 [*l*]; *see generally Anderson v Recore*, 317 F3d 194, 197-199 [2d Cir 2003]; *Friedl v City of New York* , 210 F3d 79, 84 [2000]), we reject the contention of petitioner that he was denied due process of law in connection with his suspension from that program. Petitioner appeared before the Temporary Release Committee in compliance with section 1904.2 (*l*) and was advised that he was the subject of a confidential investigation that may result in felony charges against him (*cf. Anderson*, 317 F3d at 195). The Committee recommended and John Beaver, the Superintendent of Orleans Correctional Facility (respondent), determined that petitioner's continued participation in the program was inconsistent with public safety at that time (*see* 1904.1 [b]). "[P]articipation in a temporary release program is a privilege, not a right, . . . [and thus] our review is limited to whether the determination violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is

affected by irrationality bordering on impropriety" (*Matter of Caban v New York State Dept. of Correctional Servs.*, 308 AD2d 661, 662 [2003] [internal citations and quotation marks omitted]). We conclude that Supreme Court properly determined that respondent's determination did not violate a statutory requirement or deny petitioner due process, and further that it is not affected by irrationality bordering on impropriety. Present—Green, J.P., Scudder, Gorski, Martoche and Hayes, JJ.