In the Matter of VINCENT GREIG, Appellant, v DEBRA JOY, as Director of Temporary Release Program, Respondent. [799 NYS2d 343]—

Appeal from a judgment of the Supreme Court (Connor, J.), entered September 27, 2004 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent denying petitioner's request to participate in a temporary release program.

Petitioner, serving a sentence of four years for his conviction of attempted criminal possession of a weapon in the third degree, commenced this CPLR article 78 proceeding to challenge the denial of two applications requesting participation in a residence substance abuse temporary release program. Supreme Court dismissed the respective applications, prompting this appeal.

We affirm. We note at the outset that participation in temporary release programs is a privilege, not a right (see People ex rel. Adler v Beaver, 12 AD3d 1136, 1136-1137 [2004]), and "our review is limited to determining whether the denial of the privilege 'violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety' " (Matter of Williams v Recore, 251 AD2d 833, 833-834 [1998], quoting Matter of Gonzalez v Wilson, 106 AD2d 386, 386-387 [1984]). Applying this standard to the matter before us, we cannot say that Supreme Court erred in dismissing petitioner's application seeking review of his January 26, 2004 request to participate in the subject program. The stated basis for such denial was petitioner's extensive and at times violent criminal history, and based upon our review of the presentence investigation report, we cannot say that respondent's decision to deny petitioner temporary release on this ground was irrational.

We reach a similar conclusion with regard to the denial of petitioner's February 5, 2004 application. In order to be eligible for the sought-after temporary release program, petitioner had to have "a documented history of drug and/or alcohol abuse" (7 NYCRR 1950.3 [a] [2]) which, respondent found, petitioner did not possess. Again, respondent's determination in this regard is not irrational. While petitioner apparently was under the influence of marihuana at the time of his most recent criminal offense and participated in an alcohol and substance abuse treatment program while incarcerated, such factors, standing alone, do not demonstrate a history of drug and/or alcohol abuse. Indeed, the presentence investigation report reflects that

petitioner expressly denied a history of abuse, stating that he stopped using marihuana some 10 years earlier and consumed alcohol only occasionally. Under such circumstances, petitioner's application was properly denied. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.