■ In the Matter of Stephen Vaughan, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, et al., Respondents. [809 NYS2d 606]—

Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered February 7, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of Temporary Release Programs denying petitioner's request for participation in the temporary work release program, and (2) from an order of said court, entered May 10, 2005, which denied petitioner's motion for reconsideration.

Petitioner, an inmate serving a 7¹/₂-year prison term for his conviction, upon a plea of guilty, of burglary in the first degree, commenced this CPLR article 78 proceeding challenging the denial of his application to participate in a temporary work release program. Supreme Court dismissed the petition and denied petitioner's ensuing motion to renew and/or reargue, prompting these appeals. We affirm.

"Participation in a temporary release program is a privilege, not a right (*see* Correction Law § 855 [9]), and our review of a determination denying an application to participate in such a program is limited to the consideration of whether the determination 'violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety' " (*Matter of Abascal v Maczek,* 19 AD3d 913, 914 [2005], *lv denied* 5 NY3d 713 [2005], quoting *Matter of Gonzalez v Wilson,* 106 AD2d 386, 386-387

[1984]). We find no such violations here. Inasmuch as the record reveals that respondent Director of Temporary Release Programs was in possession of facts showing that petitioner was convicted of a violent felony for which the underlying conduct involved the threatened use of a deadly weapon, he was properly determined to be ineligible for temporary work release (*see* Executive Order [Pataki] No. 5 [9 NYCRR 5.5]; 7 NYCRR 1900.4 [c] [1] [ii]; *Matter of Lee v Brunelle,* 231 AD2d 892, 892-893 [1996], *lv denied* 89 NY2d 806 [1997]).

Next, no appeal lies from the denial of a motion to reargue (*see Matter of James v New York State Bd. of Parole,* 15 AD3d 774, 774 [2005]) and petitioner has failed to present any newly discovered facts in support of his motion to renew and/or any justification for not originally offering those facts (*see Matter of Dyer v Planning Bd. of Town of Schaghticoke,* 251 AD2d 907, 909 [1998], *lvs dismissed* 92 NY2d 1026 [1998], 93 NY2d 1000 [1999]). Petitioner's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be without merit.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed, without costs.