◼ In the Matter of DOMENICK CRISPINO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [818 NYS2d 357]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered July 21, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of Temporary Release Programs denying petitioner's request for participation in a temporary work release program.

Petitioner, an inmate serving a prison sentence for his conviction of multiple felonies arising out of his theft of client funds while a practicing attorney, applied to participate in a temporary work release program. Petitioner's application was initially approved by the facility at which he is presently incarcerated. However, upon review by the central office and respondent

Director of Temporary Release Programs (hereinafter respondent), petitioner's request was denied. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 challenging the determination. Ultimately, Supreme Court dismissed the application, prompting this appeal by petitioner.

Participation in a temporary release program is a privilege not a right and our review of a determination denying an application to participate in such a program is limited to whether there was a violation of any positive statutory requirement or constitutional right and whether the determination is irrational (*see Matter of Vaughan v Goord*, 26 AD3d 553, 553-554 [2006], *lv denied* 6 NY3d 886 [2006]; *Matter of Patterson v Goord*, 1 AD3d 845, 846 [2003]).

We reject petitioner's argument that the initial approval of his work release application was not reviewable by the central office. Petitioner was convicted of more than three felonies, requiring central office review (*see* 7 NYCRR 1900.4 [n] [4] [iv]; *Matter of Peana v Recore*, 257 AD2d 862, 863 [1999]).

Finally, the record reflects that respondent considered petitioner's positive institutional accomplishments as well as the seriousness of his offense. Moreover, respondent concluded that petitioner's crimes so violated the public trust that community reaction would detrimentally affect petitioner's successful participation in the program. Accordingly, we cannot conclude that the denial of his request was irrational or arbitrary and capricious (*see Matter of Patterson v Goord, supra* at 846; *Matter of Peana v Recore, supra* at 863-864).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.