■ In the Matter of SALVATORE MARCIANO, Respondent, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Appellants. [830 NYS2d 552]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered September 27, 2006, which

annulled the determination of the Department of Correctional Services (DOCS) to discontinue petitioner's participation in its temporary release program and to rescind his earned eligibility for merit time parole, and directed respondents to schedule a parole hearing for petitioner within 10 days, unanimously modified, on the law, to vacate the directives that petitioner be reinstated to the temporary release program and scheduled for a parole hearing within 10 days, and to direct instead that a new hearing be conducted before the Temporary Release Committee (TRC), and otherwise affirmed, without costs.

We find, contrary to the IAS court, that the determination to discontinue petitioner's participation in the temporary release program is supported by substantial evidence, in particular, the complaint that petitioner's wife filed with the police alleging that petitioner had threatened to kill her, and petitioner's testimony before the TRC that his relationship with his wife was hostile and that he had argued with her on the day the alleged threat was made. Such evidence is not rendered less than substantial by virtue of other evidence that could support a finding that the wife's complaint was fabricated (see Matter of Miller v DeBuono, 90 NY2d 783, 793 [1997] [substantial evidence standard demands only that a given inference is reasonable and plausible, not necessarily the most probable]).

Nevertheless, we annul the determination. While an inmate does not have a right to be admitted into a temporary release program, once admitted, he has a liberty interest in continued participation, which requires that he be provided with some due process before being discontinued (see Kim v Hurston, 182 F3d 113, 117 [2d Cir 1999]; People ex rel. Adler v Beaver, 12 AD3d 1136 [2004]). Such due process is afforded in DOCS' regulations, which require, inter alia, that an inmate be provided with at least 24-hour notice of a hearing to review his participation and an opportunity to reply to the charges, call witnesses and produce evidence (7 NYCRR 1904.2 [h]). Here, petitioner was not given any notice of the August 30, 2005 TRC hearing. Although he did sign a waiver of 24-hour notice, that waiver expressly related to the prior August 25, 2005 TRC meeting at which his participation in the temporary release program was suspended pending an investigation (cf. People ex rel. Howser v New York State Div. of Parole, 86 AD2d 831, 832 [1982] [waiver of proper notice of final parole hearing must be clear, knowing and informed], revd on other grounds 57 NY2d 769 [1982]). It also appears that petitioner was not permitted to present witnesses or even informed of his right to do so.

While petitioner's merit time and parole release date were

automatically rescinded by the determination to discontinue his temporary release program participation, it does not follow that the merit time and release date should be automatically restored by the annulment of that determination for procedural reasons. In light of our determination that substantial evidence was adduced to support the determination, we instead direct only that a new hearing be conducted before TRC in which petitioner is afforded the procedural rights in accordance with DOCS' own regulations (*see Matter of Dawson v Coughlin*, 178 AD2d 946 [1991]; *cf. State of N.Y. ex rel. Harkavy v Consilvio*, 7 NY3d 607, 614 [2006]). Should petitioner prevail at this new hearing, he must be restored to the temporary release program, and a new parole hearing date set in accordance with the order on appeal. Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.