■ In the Matter of ROBERT C. PECK, Appellant, v JOHN R. MACZEK, as New York State Department of Correctional Services Temporary Release Program Reviewer, et al., Respondents.
[830 NYS2d 846]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 14, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the director of temporary release programs denying petitioner's request for participation in the temporary release program.

In full satisfaction of a five-count indictment, petitioner pleaded guilty to criminal sale of a controlled substance in the second degree; he was sentenced in 2004 to a prison term of 4½ years to life. In 2005, petitioner applied for participation in a temporary release program. The application was denied and the denial was upheld on administrative appeal. Petitioner commenced this proceeding seeking to overturn the administrative determination. Supreme Court dismissed the petition prompting the current appeal.

We affirm. It is well settled that participation in a temporary release program is a privilege, not a right (*see* Correction Law § 855 [9]; *Matter of Abascal v Maczek*, 19 AD3d 913 [2005], *lv denied* 5 NY3d 713 [2005]). Thus, our review is limited to whether the denial of participation "violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety" (*Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387 [1984]). Here, petitioner's application was denied due to the serious nature of the offense—it involved the sale, in excess of $4,600, of cocaine on three occasions to a confidential police informant—and his criminal history. Contrary to petitioner's

contentions, these findings were rational and we find no statutory or constitutional violations (*see Matter of Caban v New York State Dept. of Correctional Servs.*, 308 AD2d 661 [2003]).

We are also unpersuaded by petitioner's argument that the denial was improper because his codefendant's request for temporary release was granted. Other than having been convicted of the same offense, petitioner has failed to show how else the codefendant's situation was the same as that of petitioner. Thus, petitioner has not shown how he was treated differently from other similarly situated inmates (*see Matter of Tatta v Dennison*, 26 AD3d 663 [2006], *lv denied* 6 NY3d 714 [2006]). Petitioner's remaining contentions have been considered and rejected as either lacking in merit or unpreserved for review.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.