■ In the Matter of KEITH WIGGINS, Appellant, v DEBRA JOY, as Director of Temporary Release Programs, et al., Respondents. [847 NYS2d 278]—

Appeal from a judgment of the Supreme Court (Lynch, J.), entered October 11, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review (1) a determination of respondent Director of Temporary Release Programs denying his application to participate in a temporary release program and (2) a determination of the Department of Correctional Services directing him to participate in a training program.

In July 2002, following his conviction of criminal possession of a controlled substance in the third degree, petitioner was sentenced as a second felony offender to 4½ to 9 years in prison.

In October 2005, he applied for presumptive work release so that he could participate in the Comprehensive Alcohol and Substance Abuse Treatment program. The Temporary Release Central Office Review Committee disapproved petitioner's request based upon his prior criminal behavior and violation of parole. On administrative appeal, respondent Director of Temporary Release Programs affirmed the Committee's decision. Petitioner commenced this CPLR article 78 proceeding challenging this determination as well as a determination of the Department of Correctional Services directing him to participate in an Aggression Replacement Training program. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Initially, petitioner contends that, in denying him temporary release, the Committee improperly took into account the fact that he had three felony convictions because the one that occurred more than 10 years ago for which he received a state prison sentence should not have been considered under the pertinent regulations (*see* 7 NYCRR 1900.4). Based upon our review of the regulations, we do not find any provision that explicitly precludes the Committee from considering prior crimes, regardless of when they were committed. The regulations provide that, in addition to the factors enumerated in the point-scoring system and in the interview with the inmate, "[t]he committee shall . . . take into account any factors . . . which, in their best judgment, they find significant" (7 NYCRR 1900.4 [1] [2]). Keeping in mind that participation in a temporary release program is a privilege, not a right (*see Matter of Crispino v Goord*, 31 AD3d 1022, 1023 [2006], *lv dismissed* 7 NY3d 854 [2006]; *Matter of Greig v Joy*, 21 AD3d 615, 616 [2005]) and, after reviewing the record, we do not find that the determination denying petitioner temporary release " 'violated any positive statutory requirement or denied a constitutional right . . . [or] is affected by irrationality bordering on impropriety' " (*Matter of Abascal v Roach*, 22 AD3d 995, 995 [2005], quoting *Matter of Gonzalez v Wilson*, 106 AD2d 386, 386-387 [1984]). Likewise, notwithstanding the fact that petitioner's prior conviction of robbery in the third degree was not technically classified as a violent felony, given the nature of this crime, we are of the view that the Department's directive that petitioner participate in the Aggression Replacement Training program based upon his violent tendencies was neither irrational nor arbitrary and capricious (*see e.g. Matter of Frazier v Miller*, 35 AD3d 950, 951 [2006]).

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.