*374 OPINION OF THE COURT
George B. Ceresia, Jr., J.
The petitioner was convicted, after trial in Kings County Supreme Court, of one count of receiving a bribe in the third degree and two counts of receiving reward for official misconduct in the second degree (see Penal Law §§ 200.10, 200.25). The charges arose out of the performance of petitioner’s duties as a New York State Supreme Court Justice. On June 28, 2007, the petitioner was sentenced to consecutive terms of imprisonment of 1 to 4 years on the charge of receiving a bribe, and 1 to 3 years on each of the charges of receiving reward for official misconduct. His sentence totals, in the aggregate, 3 to 10 years. The petitioner is 76 years of age. Soon after his incarceration the petitioner, in July or early August 2007, applied to participate in the temporary release program. The application was denied in a decision dated August 8, 2007. The decision of the Temporary Release Committee recites, in part, as follows:
“Your application for temporary release work release has been denied by the temporary release committee for the following reason(s): I/O Nature; NDS Therapy.
“Explanation: Instant offense included Garson, while employed as Kings County Supreme Court Judge, accepting bribes with [the] understanding [that] his decisions as a public servant would be influenced. Many innocent lives were affected by his actions.
“Not considered appropriate for work release at this time.
“You may not re-apply for work release until 08/ 2009.”
The petitioner thereafter filed an administrative appeal. In a decision dated January 10, 2008 the temporary release reviewer upheld the decision of the Temporary Release Committee. The appeal decision recites as follows:
“After reviewing all factors in this case, both positive and negative, the decision has been made to affirm the TRC decision in this case.
“Reasons: I/O Nature Disciplinary
“Comments: The present offense involved you employed in the capacity of a county supreme court justice, accepting bribes with the understanding your decision as a public servant would be influ *375 enced. You were convicted of brib rec 3rd and Rec. Rew., Off Misconduct 2. Noted is your recent Tier II conviction. Your poor custodial adjustment coupled with the serious impact the instant offense has on the community renders you an unsuitable candidate for work release.”
The petitioner has now commenced a CPLR article 78 proceeding to review the determination to deny his application for temporary release. To briefly summarize, the petitioner maintains that he is an ideal candidate for temporary release. He asserts that the determination is unsupported in the record; that the determination is based upon erroneous information with regard to the nature of the offenses for which the petitioner was convicted; and that the application should be granted due to petitioner’s medical infirmities.
Among the arguments advanced by the petitioner, he asserts that the determination failed to adhere to the requirements of Correction Law § 855 and title 7, part 1900 of the Rules and Regulations of the Department of Correctional Services (see 7 NYCRR 1900.4 [1] [4]). A number of factors are cited in support of petitioner’s contention that the determination is irrational. Among them are petitioner’s plans for employment if the application is granted;[1] petitioner’s residency plans (the petitioner would reside with his wife in New York City); the petitioner’s medical needs, which in his view, are best met outside a prison facility; and petitioner’s strong family and community support. The petitioner strenuously objects to the Temporary Release Committee’s comment that “while employed as Kings County Supreme Court Judge, [the petitioner] accept[ed] bribes with [the] understanding [that] his decisions as a public servant would be influenced.” He maintains that his crimes were victimless, and blames “widespread systemic media reports” for the public’s (and the Temporary Release Committee’s) alleged “misconception” with regard to the nature of his crimes.[2] *376 With regard to petitioner’s medical condition, the petitioner indicates that he suffers from atrial fibrillation, recurring urothelial cancer, hypertension, aortic valve disease, bullous pemphigoid, cataracts, glaucoma, prostatism, gastroesophageal reflux disease, osteoarthritis and alcohol dependent syndrome.[3] Notwithstanding all of the foregoing, the petitioner takes the position that his serious medical infirmities would not prevent him from participating in the work release program.
Under Correction Law § 855 (9), participation in a temporary release program is a privilege, not a right (see Matter of Vaughan v Goord, 26 AD3d 553, 553-554 [3d Dept 2006], lv denied 6 NY3d 886 [2006]; Matter of Crispino v Goord, 31 AD3d 1022 [3d Dept 2006]; Matter of Walker v LeFevre, 193 AD2d 982 [3d Dept 1993]; Matter of Szucs v Recore, 209 AD2d 803 [3d Dept 1994]).
“ ‘[The scope of judicial review] of a determination [to deny] an application to participate in such a program is limited to the consideration of whether the determination “violated any positive statutory requirement or denied a constitutional right of the inmate and whether [it] is affected by irrationality bordering on impropriety” ’ ” (Matter of Vaughan v Goord at 553-554, quoting Matter of Abascal v Maczek, 19 AD3d 913, 914 [3d Dept 2005], lv denied 5 NY3d 713 [2005], quoting Matter of Gonzalez v Wilson, 106 AD2d 386, 386-387 [2d Dept 1984]).
Denial of a temporary release application may be based upon the seriousness of the crime for which the petitioner is incarcerated (see Matter of Peck v Maczek, 38 AD3d 948 [3d Dept 2007]; Matter of Crispino v Goord, 30 AD3d 874 [3d Dept 2006]).
Under the Rules and Regulations of the Department of Correctional Services, “[t]he Committee shall also take into account any factors, besides the items in the point system, which, in their best judgment, they find significant.” (7 NYCRR 1900.4 [1] [2] [emphasis supplied]; see also Matter of *377 Wiggins v Joy, 46 AD3d 1035, 1036 [3d Dept 2007].) The Committee is specifically directed to consider the nature of the crime for which the inmate is incarcerated (see 7 NYCRR 1900.4 [1] [3]). Thus, irrespective of the fact that petitioner’s crimes were nonviolent, the Temporary Release Committee could properly take into account the full nature and consequence of his criminal acts from the standpoint that they were committed by an elected judicial official uniquely entrusted with the responsibility to impartially uphold and follow the law, not violate it.
The court is mindful of the provisions of section 1900.4 (1) (4) of the Rules and Regulations of the Department of Correctional Services which recites as follows:
“Standard for referral. Inmates should be denied temporary release if their presence in the community or in minimum security institutions would pose an unwarranted threat to their own or public safety, if public reaction is such that the inmate’s successful participation in the program would be made difficult and public acceptance of the temporary release program would be jeopardized, or if there is substantial evidence to indicate the inmate cannot successfully complete his requested temporary release program. Should the case warrant, the inmate may be told not to reapply for the program requested.”
The court finds that the determination to deny petitioner’s application for temporary release did not violate any positive statutory requirement or deny him a constitutional right. Nor was it affected by irrationality bordering on impropriety. The factors considered by the Temporary Release Committee were proper, and adequate to support the determination. They also comport with the standard of referral set forth in section 1900.4 (1) (4) of the Rules and Regulations of the Department of Correctional Services. In addition, the direction that the petitioner not reapply for temporary release until August of 2009 was within the sound discretion of the Temporary Release Committee (see e.g. Matter of Di Gioia v Turner, 215 AD2d 815 [3d Dept 1995]).
Petitioner has not demonstrated that the determination to deny his application to participate in the temporary release program was irrational, in violation of lawful procedure, affected by an error of law or arbitrary and capricious.
*378 The court has reviewed and considered petitioner’s remaining arguments and finds them to be without merit. For all of the foregoing reasons, the court concludes that the petition must be dismissed.
Accordingly, it is ordered and adjudged, that the petition be and hereby is dismissed.

. Other than mention of an unspecified offer of employment, it is unclear, from a review of the petition and exhibits, with regard to what petitioner’s specific plans for employment are.

. Without unduly belaboring the point, the court finds petitioner’s argument that his crimes were victimless to be problematic. The petitioner appears to concede that one of the charges of the indictment involved an allegation that the petitioner gave ex parte legal advice to his accomplice, one Paul Siminovsky, in a pending case, for which Mr. Siminovsky, in turn, rewarded the petitioner with a box of cigars. On its face, this would suggest that the *376 petitioner conferred an unfair advantage upon Mr. Siminovsky and his client, to the distinct disadvantage of the other party (or parties), who did not receive, or even know of, the preferential treatment.

. While there is a specific category of temporary release for inmates seeking medical treatment not otherwise available at the correctional facility (see 7 NYCRR 1900.3 [a] [3]), there is no indication that the petitioner applied for this form of temporary release.