◼ In the Matter of JEFFREY HERBER, Appellant, v DEBRA JOY, as Director of Temporary Release Programs, Respondent. [876 NYS2d 555]—

Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 12, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his application to participate in a temporary release program.

Petitioner, a financial services provider, was convicted in 2004 of two counts of grand larceny in the second degree based upon his misappropriation of client funds, and he was sentenced to consecutive prison terms of 3 to 9 years. Petitioner's subsequent application for participation in a temporary release program was denied based upon the nature of the underlying offense. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination. Supreme Court dismissed petitioner's application, prompting this appeal.

We affirm. "It is well settled that participation in a temporary release program is a privilege, not a right" (*Matter of Peck v Maczek*, 38 AD3d 948, 948 [2007] [citations omitted]; *see Matter of Wiggins v Joy*, 46 AD3d 1035, 1036 [2007]), and the mere fact that an inmate is an "eligible inmate" within the meaning of Correction Law § 851 (2) does not automatically entitle him or her to temporary release (*see Matter of Romer v Goord*, 242 AD2d 574, 575 [1997], *lv denied* 91 NY2d 811 [1998]; *Matter of Hoffman v Wilson*, 86 AD2d 735 [1982]). Where, as here, "an inmate has been denied participation in such a program, our scope of review is limited to whether the denial violated any statutory requirement or constitutional right of the inmate, and whether the determination was affected by irrationality bordering on impropriety" (*Matter of Romer v Goord*, 242 AD2d at 575; *see Matter of Crispino v Goord*, 31 AD3d 1022, 1023 [2006], *lv dismissed* 7 NY3d 854 [2006]).

Petitioner contends that because his conviction did not render him ineligible to participate in the temporary release program, and in light of his positive institutional record, it was irrational

for respondent to deny his application based solely upon the nature of his offense. To the contrary, it was within respondent's discretion to consider petitioner's positive institutional program history and nevertheless conclude that the particular circumstances surrounding his crimes render him unsuitable, at this time, for temporary release (*see Matter of Patterson v Goord*, 1 AD3d 845, 846 [2003]). In particular, respondent rationally based the denial upon the "serious and sophisticated" nature of petitioner's offenses, i.e., petitioner's abuse of his relationship with his clients by stealing large sums of their money (*see Matter of Crispino v Goord*, 31 AD3d at 1023).

Further, although it appears from Supreme Court's decision that the court may have been under the misimpression that petitioner had a criminal history prior to committing the crimes for which he is presently incarcerated, a review of respondent's determination reveals that the denial of petitioner's application was not based upon any such error but purely upon the circumstances surrounding petitioner's instant offenses. Accordingly, Supreme Court's judgment confirming respondent's determination should be affirmed.

Mercure, J.P., Spain, Rose, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.