■ In the Matter of JACQUELINE L. WAGNER, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [896 NYS2d 539]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered July 28, 2009 in Albany County, which, among other

things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Temporary Release Committee denying petitioner's request to participate in the family-tie furlough program.

In 2007, petitioner was convicted of driving while intoxicated (hereinafter DWI), as a felony, and currently is serving a prison sentence of $1^3/_4$ to $5^1/_4$ years. While incarcerated, petitioner completed a DWI program and applied for temporary release. Her application was approved for participation in the community service program, dependent upon her compliance with the conditions of the DWI transition program. The DWI transition program does not permit inmates to participate in the family-tie furlough program until phase III of the transition program, when they are within three months of release or parole.

Petitioner nevertheless submitted an application to participate in the family-tie furlough program while in phase I of the DWI transition program. Her application was denied and petitioner appealed, but was advised that her only options were to apply for a furlough when eligible or to withdraw from the DWI transition program. Petitioner requested reconsideration and, when it was denied, she commenced this CPLR article 78 proceeding. Following service of respondents' answer, Supreme Court, among other things, dismissed the petition. Petitioner now appeals.

The family-tie furlough program is a type of temporary release program established for the purpose of maintaining family ties and/or resolving family problems (see 7 NYCRR 1901.1 [c] [2] [i]; 1900.3 [c] [1] [i]). It is well settled that participation in a temporary release program is a privilege, not a right, and that judicial review is limited to whether the denial violated any statutory requirement, constitutional right, or "was affected by irrationality bordering on impropriety" (Matter of Herber v Joy, 61 AD3d 1142, 1142 [2009]; see Matter of Wiggins v Joy, 46 AD3d 1035, 1036 [2007]). Here, the clear provisions of the DWI transition program require that inmates in phase I are not eligible for the family-tie furlough program. Although petitioner asserts that this provision is unfair in that it penalizes inmates convicted of DWI, we discern nothing irrational about the denial of petitioner's request, especially given that petitioner specifically agreed to the provisions as part of her participation in the temporary release community service program. Petitioner's remaining contentions, including her constitutional claims, have been considered and found to be lacking in merit. Accordingly, Supreme Court properly dismissed the petition.

Peters, J.P., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.