■ In the Matter of JACOB KAGAN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [985 NYS2d 338]—Rose, J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered July 3, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

While incarcerated, petitioner applied for admission to the temporary work release program and was approved, first by his prison facility's Temporary Release Committee and then by the facility's Superintendent. Respondent's Central Office, however, disapproved petitioner's application and his administrative appeal was unsuccessful. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, among other things, a finding that respondent's Central Office had no authority to review the Superintendent's approval of his application. When petitioner was released on parole during the pendency of this proceeding, Supreme Court dismissed it as moot. Petitioner now appeals.

We agree with Supreme Court that petitioner's request for a

---

declaration is moot (*see Matter of Diaz v Ledbetter*, 111 AD3d 1043, 1044 [2013]; *Matter of Gallo v New York State Temporary Release Program*, 100 AD3d 1165, 1166 [2012]; *Matter of Shell v New York State Dept. of Corrections Temporary Release Program*, 26 AD3d 537, 537 [2006]). "It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). Petitioner's stated desire to commence a plenary action against respondent in the future is neither a pending matter nor is it contingent on a ruling in this proceeding. Finally, we find that the exception to the mootness doctrine does not apply here as petitioner has not established that a challenge to the Central Office's authority to review an approval for temporary work release will typically evade review (*see Matter of Chandler v Coughlin*, 126 AD2d 886, 887 [1987]; *see e.g. Matter of Lapetina v Fischer*, 76 AD3d 722, 723 [2010]; *Matter of Herber v Joy*, 61 AD3d 1142, 1142 [2009]).

Stein, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.