*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 10, 2016                    522781
_____

In the Matter of VIRGINIA
    DeCAPRIA,
                        Appellant,
            v                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   September 20, 2016

Before:   Peters, P.J., Garry, Devine, Clark and Mulvey, JJ.

_____

        Virginia DeCapria, Bedford Hills, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered January 21, 2016 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Department of
Corrections and Community Supervision denying her application to
participate in a temporary work release program.

        Petitioner, a prison inmate serving a prison sentence for
her conviction of two felonies arising out of her theft of
approximately $500,000 from the Charlton Fire District, applied
to participate in a temporary work release program.  The
facility's Temporary Release Committee denied petitioner's
application, citing the nature of the offenses for which she is
incarcerated.  Upon administrative review, the Temporary Release
Committee's determination was upheld based upon petitioner's

disregard for the public fisc, which rendered her a risk to public safety and property and an unsuitable candidate for work release notwithstanding her positive programming and custodial adjustment. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging this determination. Supreme Court dismissed the petition, and this appeal by petitioner ensued.

We affirm. "Participation in a temporary release program is not a right, but a privilege and, thus, our review is limited to whether the determination violated any positive statutory requirement or denied a constitutional right of the inmate and whether it is affected by irrationality bordering on impropriety" (Matter of Lapetina v Fischer, 76 AD3d 722, 723 [2010] [internal quotation marks, brackets and citations omitted]; see Matter of Crispino v Goord, 31 AD3d 1022, 1023 [2006], lv denied 7 NY3d 854 [2006]). The record reflects that, while serving as the treasurer of the Charlton Fire District, petitioner stole over $495,000 in public monies for her personal use and gain over a several-year period. Inasmuch as it was appropriate for the determination to be based upon the nature of the instant offenses and petitioner's violation of the public trust (see 7 NYCRR 1900.4 [l]; Matter of Crispino v Goord, 31 AD3d at 1023), we are unable to conclude that the determination upholding the denial of her application was irrational or violated petitioner's statutory or constitutional rights (see Matter of Lapetina v Fischer, 76 AD3d at 723; Matter of Collins v Goord, 24 AD3d 1048, 1049 [2005]; Matter of Abascal v Maczek, 19 AD3d 913, 914 [2005], lv denied 5 NY3d 713 [2005]).

Petitioner also contends that she was entitled to have her temporary work release application automatically approved by the Committee, subject to administrative review, by reason of her score of 50 on the temporary release point system (see generally 7 NYCRR 1900.4 [e]). The provision upon which she relies, however, provides that "a high point score of 40 or more will be considered equivalent to temporary release committee approval for furlough [applications] only" (7 NYCRR 1900.4 [l] [1] [emphasis added]). Thus, this provision applies only to inmates' applications seeking short-term release through the furlough program, which is a different type of release program available to inmates for specifically defined purposes (compare 7 NYCRR

1900.3 [c], with 7 NYCRR 1900.3 [f]; see also 7 NYCRR 1901.1 [c]).  We have considered petitioner's remaining contentions, including her equal protection claim alleging that the Committee treated her differently from other unnamed inmates who have purportedly committed similar crimes and received temporary work release, and found them to be without merit.

Peters, P.J., Garry, Devine, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court