Matter of Lown v Annucci (2020 NY Slip Op 02570)





Matter of Lown v Annucci


2020 NY Slip Op 02570


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


390 CA 19-02050

[*1]IN THE MATTER OF AARON LOWN, PETITIONER-APPELLANT,
v
ANTHONY J. ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION AND TINA STANFORD, CHAIRPERSON, NEW YORK STATE BOARD OF PAROLE, RESPONDENTS-RESPONDENTS.






KAREN MURTAGH, EXECUTIVE DIRECTOR, PRISONERS' LEGAL SERVICES OF NEW YORK, BUFFALO (ANDREW STECKER OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Dennis Ward, J.), entered November 4, 2019 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his petition pursuant to CPLR article 78 in which he sought reinstatement of the determination of the New York State Board of Parole (Board) that granted him a merit time parole release date. We affirm.
Petitioner is serving an indeterminate sentence of imprisonment in the custody of the Department of Corrections and Community Supervision (DOCCS). Based on petitioner's positive institutional record and program performance, DOCCS granted him a merit time allowance, which made him eligible for discretionary parole release by the Board on a date earlier than the expiration of his minimum sentence (see Penal Law § 70.40 [1] [a] [i]; 7 NYCRR 280.5 [a]). As a result of the merit time allowance, petitioner was interviewed by the Board, which thereafter granted him parole release scheduled for his merit time eligibility date. Two weeks later, however, a misbehavior report was filed alleging that petitioner had violated the conditions of the temporary work release program in which he was participating. Following a tier II disciplinary hearing, petitioner was found guilty of violating his temporary release conditions (7 NYCRR 270.2 [B] [9] [v]) and absconding (7 NYCRR 270.2 [B] [9] [vi]), and a period of keeplock confinement was imposed as a penalty. After petitioner was released from keeplock confinement, DOCCS informed him that he would not be released on his merit time eligibility date and would not be eligible for release to parole until the expiration of his minimum sentence.
Additional documents submitted by respondents on appeal, which we will consider inasmuch as they fall within exceptions to the general rule prohibiting consideration of documents outside of the record (see Crawford v Merrill Lynch, Pierce, Fenner & Smith, 35 NY2d 291, 299 [1974]; Matter of Smith v Cashaw, 129 AD3d 1551, 1551 [4th Dept 2015]; Matter of Chloe Q. [Dawn Q.—Jason Q.], 68 AD3d 1370, 1371 [3d Dept 2009]), establish that, after petitioner commenced this proceeding, DOCCS revoked his merit time allowance (see 7 NYCRR 280.4 [b] [4]). DOCCS subsequently issued a notice of temporary suspension of petitioner's merit time parole release date (see 9 NYCRR 8002.5 [b] [1]) and a rescission report indicating that petitioner no longer met the criteria for merit time parole release (see 9 NYCRR 8002.5 [b] [3]). In addition, after Supreme Court dismissed the petition in this proceeding, the [*2]Board issued a disposition rescinding its prior determination to grant petitioner parole release on his merit time eligibility date.
Petitioner contends that DOCCS acted in excess of its jurisdiction by unilaterally rescinding his merit time parole release date. We agree with respondents, however, that petitioner's contention has been rendered moot because the additional documents establish that the Board, not DOCCS, rescinded its previous determination to grant petitioner a merit time parole release date (see Matter of Alexander v New York State Bd. of Parole, 175 AD2d 526, 527 [3d Dept 1991], lv denied 78 NY2d 863 [1991]; see generally Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). We conclude that the exception to the mootness doctrine does not apply here (see generally Saratoga County Chamber of Commerce, 100 NY2d at 811-812; Wisholek v Douglas, 97 NY2d 740, 742 [2002]).
Petitioner further contends that the Board acted contrary to law and failed to perform a duty enjoined upon it by law, and also violated his right to due process, by rescinding his merit time parole release date without conducting a hearing. We agree with petitioner that, contrary to respondents' contention, this issue is ripe for judicial review (see generally Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 518-520 [1986], cert denied 479 US 985 [1986]). We also note that respondents have not raised any contention that petitioner failed to exhaust his administrative remedies (see Matter of Galunas v Annucci, 166 AD3d 1182, 1182 n [3d Dept 2018]) and, in any event, such exhaustion is not required where " an administrative challenge would be futile or where the issue to be determined is purely a question of law' " (Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 150 AD3d 1375, 1376 [3d Dept 2017]; see Coleman v Daines, 79 AD3d 554, 560 [1st Dept 2010], affd 19 NY3d 1087 [2012]; Matter of Organization to Assure Servs. for Exceptional Students v Ambach, 56 NY2d 518, 521-522 [1982]), both of which apply here.
On the merits, however, we agree with respondents that neither the statutory and regulatory scheme, nor principles of constitutional due process, required the Board to conduct a rescission hearing under the circumstances herein. "When granted, the effect of [a] merit time allowance is to accelerate [an inmate's] initial parole hearing date . . . [,] which could result in [the inmate's] possible release on parole at a date computed by subtracting the merit time allowance from [the] . . . parole eligibility date' " (Matter of Erdheim v Dillard, 290 AD2d 642, 643 [3d Dept 2002], lv denied 97 NY2d 612 [2002], quoting 7 NYCRR 280.5 [a]). If the Board grants the inmate parole following that hearing, the inmate will be released to parole supervision on the merit time eligibility date (see 7 NYCRR 280.5 [a], [b]). An inmate, however, has no right to demand or require a merit time allowance, and the decision of DOCCS "as to the granting, withholding, forfeiture, cancellation or restoration of such allowances shall be final and shall not be reviewable if made in accordance with law" (Correction Law § 803 [4]). Indeed, as relevant here, "[a] merit time allowance may be revoked at any time prior to an inmate's release on parole if the inmate commits a serious disciplinary infraction" (7 NYCRR 280.4 [b] [4]).
Here, after the finding that petitioner committed the serious disciplinary infraction of absconding (7 NYCRR 280.2 [b] [2] [x]; see 7 NYCRR 270.2 [B] [9] [vi]), DOCCS revoked his merit time allowance in accordance with law (see 7 NYCRR 280.4 [b] [2], [4]; see also Correction Law § 803 [4]) thereby rendering him statutorily ineligible for discretionary release to parole prior to the expiration of his minimum indeterminate sentence (see Penal Law § 70.40 [1] [a] [i]; Correction Law § 803 [1] [d]). In the absence of such eligibility, the statutory predicate for the Board's previous grant of parole release on a date earlier than petitioner's minimum indeterminate sentence was eliminated by operation of law (see Penal Law § 70.40 [1] [a] [i]; see also Matter of Marciano v Goord, 38 AD3d 217, 218-219 [1st Dept 2007]; Matter of Carrasco v Travis, 2002 WL 34340294, *1 [Sup Ct, Oneida County 2002]). Without a merit time allowance, petitioner becomes eligible for parole release on expiration of his minimum indeterminate sentence date only (see Penal Law § 70.40 [1] [a] [i]) and the Board lacks discretionary authority to reinstate petitioner's original merit time release date, thereby obviating any need for an evidentiary rescission hearing (cf. 9 NYCRR 8002.5).
Finally, inasmuch as a merit time allowance is a statutory and regulatory predicate to petitioner's eligibility for early parole release from his indeterminate sentence of imprisonment (see Penal Law § 70.40 [1] [a] [i]; Executive Law § 259-i [2] [a] [i]; 7 NYCRR 280.1) and petitioner has no constitutionally-protected liberty interest in a merit time allowance itself (see [*3]Matter of Scarola v Goord, 266 AD2d 598, 599 [3d Dept 1999], lv denied 94 NY2d 760 [2000]), we conclude that the discretionary grant of a merit time parole release date by the Board provided petitioner with a legitimate expectation of early release that was contingent upon his remaining eligible for release on the date calculated by reducing his minimum sentence by a granted merit time allowance (Penal Law § 70.40 [1] [a] [i]). Thus, the Board did not violate petitioner's right to due process when it rescinded his merit time parole release date without a hearing on the ground that his merit time allowance had been revoked (see Carrasco, 2002 WL 34340294 at *1).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court